UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AHMED ESSANI,

                Plaintiff,

-against-                        **ORDER**
                                        13-CV-3424 (JMA)(SIL)

KEVIN J. EARLEY, TERRENCE NEE,
individually and as police personnel of the
Suffolk County, New York Police Department,
and HARVEY CROSBY

                Defendants.
-------------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court, on referral from the Honorable Joan M. Azrack, in this U.S.C. § 1983 civil rights litigation is Plaintiff Ahmend Essani's ("Plaintiff" or "Essani") Motion to Amend/Correct/Supplement the Complaint ("Motion to Amend") filed pursuant to Federal Rules of Civil Procedure 25 and 15 ("Rule 25" and "Rule 15," respectively). Motion to Amend ("Pl. Mot. to Amend"), DE [55].[1] In his Motion to Amend, Plaintiff seeks leave to substitute for the deceased party, Defendant Harvey Crosby ("Crosby"), his daughters, Cynthia Crafa and Nancy Western, as executrixes of the Crosby estate. *See* Pl. Mot. to Amend at 1. The Estate of Harvey Crosby ("Estate"), presently a non-party, opposes being substituted arguing that Rule 25's applicable deadline has already expired and that the motion otherwise fails to satisfy

---

[1] This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). *See id.* (authorizing magistrate judges to issue orders resolving non-dispositive pre-trial matters without the parties' consent); *see, e.g., LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, 12CV7311, 2016 WL 3080723, at *5 (S.D.N.Y. May 13, 2016) (magistrate judge denying plaintiff's Rule 25 motion to substitute a party).

1

the requirements of Rule 15. *See* DE [57]. For the reasons set forth in detail below, the Court grants Plaintiff's motion in its entirety.

I. **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Crosby died on April 7, 2016 during the discovery phase of this litigation.[2] *See* Non-Party Opposition Memorandum of Law ("Estate Mem.") Exhibit ("Ex.") B, DE [57-4]. While discovery was proceeding, Plaintiff also had a case against Crosby in New York State Supreme Court, Suffolk County, related to a terminated sale of real property. *See* Estate Mem. at 3; Craffa Affidavit ("Craffa Aff.") ¶ 2. Upon Crosby's death, his daughter notified Essani's then attorney by letter of her father's passing as well as the Court. Craffa Aff. ¶¶ 3-4. Separately, counsel for the Estate also contacted Plaintiff himself and spoke with him in July 2016. *See* Estate Mem. at 3. According to the Estate, during that conversation, Essani acknowledged knowing of Crosby's death. *See* Lovell Affidavit ("Lovell Aff.") ¶¶ 4, 5.

The Estate received by mail notice dated September 2, 2016 of a motion to amend the caption seeking to substitute it for Crosby but contests the propriety of that service. *See* Estate Mem. at 4. At the subsequent status conference held on October 7, 2016, with the Estate present, the Court set October 31, 2016 as the deadline for the motion to substitute the Estate for Crosby, though the Court noted that this scheduling order did not toll any and all applicable statutory deadlines to do so.

---

[2] A familiarity among the parties with the underlying facts and prior motion practice is presumed.

2

Essani served his Motion to Amend by mail on the Estate; however, though it was postmarked October 31, 2017, the motion was still dated September 2, 2016. The Estate opposed, while the other defendants in this matter have taken no position regarding Plaintiff's motion. *See* Estate Mem.

## II.   LEGAL STANDARD

Although both Plaintiff and the Estate have referred to Essani's motion as a motion to amend, as it only seeks to substitute the Estate for Crosby, it is properly classified as a motion to substitute, which is governed by Rule 25 rather than Rule 15. *See Greystone Bank v. Peralta*, 10 CIV 0695, 2010 WL 3767619, at *2 (E.D.N.Y. Sept. 20, 2010) (holding that a motion that concerns substitution of one entity for another and not the substantive amendment of the pleadings is properly governed by Rule 25 and not Rule 15) (citing *Hirsch v. Green*, 382 F. Supp. 187 (D.C. Md. 1974) (since "the specific rule should control over the general" when interpreting the Federal Rules of Civil Procedure, any motion specifically to substitute parties rather than substantively alter the underlying pleadings must be determined under Rule 25 and not Rule 15)).

Rule 25(a)(1) permits the Court to substitute a deceased party with its successor as follows:

> A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Rule 25 'establishes a time limit,' which starts running at the 'time information of the death is provided by means of a suggestion of death upon

3

the record.'" *Coleman v. Sys. Dialing LLC*, 15-CV-3868, 2015 WL 9275684, at *2 (S.D.N.Y. Dec. 18, 2015) (quoting *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998)). "'This requirement of a formal suggestion of death is absolutely necessary to trigger the running of the ninety days. Actual knowledge of the party's death is not sufficient, nor is mention of the death in court proceedings or pleadings.'" *Stephens v. Am. Risk Mgmt. Inc.*, 89 CIV 2999, 1995 WL 479438, at *2 (S.D.N.Y. Aug. 14, 1995) (quoting 3B J. Moore, *Moore's Federal Practice* ¶ 25.06[3] at 25-49 (2d ed. 1995) (footnotes citing cases omitted)).

### III. DISCUSSION

As none of the parties to this action nor the Estate, a non-party, ever filed a suggestion of death regarding Crosby, the Court concludes that the 90-day time limit set forth in Rule 25 was never triggered and grants Plaintiff's Motion to Amend. As stated above, Rule 25's 90-day clock does not start to run until "service" is made of the suggestion of death. *See supra* at 2-3; *Mandarino v. Mandarino*, 257 F.R.D. 394, 395-96 (S.D.N.Y. 2009). Service, in turn, is governed by Federal Rule of Civil Procedure 5(b)(2) ("Rule 5"), which contains the specific requirements for service of papers and applies to the serving of a formal suggestion of death under Rule 25. *See* Fed. R. Civ. P. 25(a)(3) ("A statement noting death must be served in the same manner" as a motion to substitute, which "must be served on the parties as provided in Rule 5.").

In arguing that Rule 25's deadline expired long before Plaintiff filed his motion, the Estate does not cite to any formal suggestion of death ever having been filed in

4

connection with this case, and the Court is unaware of any such filing. *See* Estate Mem.; Docket. Instead, the Estate argues that a suggestion of death was made as early as April 22, 2016 through Ms. Craffa's letter to the state court notifying that judge of her father's death or by means of her subsequent letter to Mr. Essani's state-court attorney on April 25, 2016. *See* Craffa Aff. ¶ 4, 6. In the alternative, the Estate argues that suggestion of death was made on June 24, 2016 by means of a letter sent by the then attorney for the Estate to Essani, which Plaintiff later acknowledged receiving on July 15, 2016 in a conversation. *See* Lovell Aff. ¶¶ 4, 5.

However, there is no evidence that the letters at issue were ever properly served on Plaintiff or the Court by any of the means permitted by Rule 5 in connection with this litigation, and proper service is an inescapable requirement for the running of the 90-day period under Rule 25. *See, e.g., Int'l Cablevision, Inc. v. Sykes,* 172 F.R.D. 63, 66 (W.D.N.Y. 1997) ("In the present case, [a] letter to the court and [opposing counsel] did not constitute a formal suggestion of death. First, [the] letter was not properly served on opposing counsel and filed with the court according to the requirements of Rule 5. On its face, the letter is an informal notification of the death...."). The documentation proffered by the Estate suggests that the letter to the state court and the letter to Essani's then attorney representing him in his state-court matter were transmitted by facsimile, *see* Estate Mem. Exs. B, C, but facsimile is not a permissible method of service on an attorney, let alone a *pro se* party, absent consent in writing. *See* Fed. R. Civ. P. 5(b)(2); Local Civil Rule 5.3(b). The Estate offers no evidence that any such consent had been in place at the time the letter was

5

transmitted. *See* Estate Mem. Alternatively, none of the submissions are otherwise notarized or accompanied by contemporaneous affidavits of service or proof of otherwise having been properly mailed or filed with the Court, rendering them, at best, informal notifications of Crosby's death. *See* Estate Mem. Exs. B, C; Craffa Aff.; Lovell Aff. However, as set forth above, such informal notifications of death cannot satisfy the requirements of Rule 25. *See Stephens v. Am. Risk Mgmt. Inc.,* 1995 WL 479438, at *2 (S.D.N.Y. Aug. 14, 1995) (informal notice by attorney to the deceased did not trigger the 90-day period, which "can only be triggered by formal service of a suggestion of death"); *accord* 6 Moore's Federal Practice § 25.13[1], [2][b] (3d ed. 2008) (Rule 25 "implies that the statement noting the death of a party ... must be a formal, written document that is both served on the appropriate persons and filed with the court."). Thus, there is no evidence that a suggestion of death was ever properly filed and served as would have made the 90-day deadline set by Rule 25 applicable and thereby rendering Plaintiff's Motion to Amend untimely.

Additionally, the letters proffered by the Estate did not trigger Rule 25's time limit because the Estate never served them on the other parties to this action. To properly file a suggestion of death, the "suggesting party must serve the other parties and non-party successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Lewis v. Sheridan*, 12-CV-31, 2014 WL 1096220, at *3 (N.D.N.Y. Mar. 19, 2014) (internal quotation marks and citations omitted). Nothing on the Court's docket nor in the Estate's submissions suggests that the other parties were ever properly served with

6

a suggestion of death in this matter. *See* Estate Mem.; Docket. Accordingly, without proper service on all parties, the time-frame set by Rule 25 is again inapplicable.

Finally, the Estate's attempt to have the Court ignore the requirements of Rule 25 in light of Essani's actual knowledge of Crosby's death since the spring of 2016 is unpersuasive. Whether a moving party knew or should have known that the deceased party had died prior to a suggestion of death being filed and served is irrelevant to the question of whether a Rule 25 motion is timely. *See F.D.I.C. v. Cromwell Crossroads Assocs., Ltd. P'ship*, 480 F. Supp. 2d 516, 527 (D. Conn. 2007) (calculating expiration of Rule 25 deadline based solely on filing date of suggestion of death and ignoring question of whether moving party had actual knowledge of death prior to the filing date in finding motion nevertheless time-barred). Accordingly, whether Essani or his prior attorney in his state-court matter acknowledged Crosby's death outside of a formal suggestion of death in this case is of no moment in determining under Rule 25 that Plaintiff's present motion is timely. Because the 90-day time limit for filing a motion to substitute under Rule 25 was never properly commenced, Plaintiff's motion is timely and properly granted.

The remainder of the Estate's arguments against granting Essani's Motion to Amend rely on Rule 15 and concern delay, prejudice, and futility. Though Plaintiff, who is proceeding *pro se,* referenced Rule 15 in his motion, it is not the appropriate standard by which a motion to substitute a party should be judged. *See supra* at 2-3. Accordingly, the Court declines to analyze the motion separately under the Rule 15 factors that the Estate puts forth.

7

### IV. CONCLUSION

For the reasons detailed above, the Court grants Plaintiff's motion to substitute the Estate for the deceased Crosby, and the caption shall be amended to reflect that substitution. Additionally, a status conference is hereby set for August 29, 2017 at 11:00 a.m. The Estate is directed to serve by mail a copy of this order on Plaintiff and file proof of service electronically with the Court.

Dated:      Central Islip, New York         **SO ORDERED:**
            August 9, 2017

                                            s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge