UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
AHMED ESSANI,

                           Plaintiff,

          -against-

KEVIN J. EARLEY, *et al.*,

                           Defendants.
-----------------------------------------------------X

**ORDER, REPORT AND
RECOMMENDATION**
13-CV-3424 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this civil rights action, on referral from the Honorable Joan M. Azrack, are: (i) *pro se* Plaintiff Ahmed Essani's ("Essani" or "Plaintiff") motion seeking leave to amend his Complaint and add Sergeant Komorowski[1] ("Komorowski") as a defendant, *see* DEs [64], [67]; (ii) Defendants' Cynthia Crafa ("Crafa") and Nancy Western ("Western"), as executrixes of the Estate of Harvey Crosby (Crafa and Western together, the "Estate"), cross-motion to dismiss for failure to provide discovery, *see* DE [68]; and (iii) the Estate's unopposed motion, in the alternative, for an extension of time to complete Plaintiff's deposition, *see* DE [72]. For the reasons set forth herein, the Court respectfully recommends that the Estate's cross-motion to dismiss be denied. Further, Essani's motion for leave to amend is granted in part and denied in part as set forth below, and the Estate's motion to extend the discovery deadline is granted.

---
[1] None of the parties' submissions identify Komorowski's first name.

# I.   BACKGROUND[2]

## A.   General Background, Procedural History, and Background for the Motion to Amend

By Complaint dated June 14, 2013, Plaintiff commenced this action asserting a claim under 42 U.S.C. § 1983 against Defendants Kevin J. Earley ("Earley"), Terence Nee ("Nee"), and the County of Suffolk (the "County") (Earley, Nee, and the County collectively, the "County Defendants" and together with the Estate, "Defendants") for violation of his "Fourth Amendment rights to be free from false arrest, [ ] malicious prosecution, and excessive force" and asserting an unspecified claim against Defendant Harvey Crosby ("Crosby") for, "acting jointly with [Earley and Nee], alleg[ing] factually untrue statements about [P]laintiff, which directly resulted in the wrongful arrest and prosecution of [P]laintiff."[3]  *See* Complaint, DE [1], at 4.[4]

---

[2] As the parties' familiarity with the underlying facts and extensive procedural history is presumed, the Court sets forth only background material that is directly relevant to the instant motions.

[3] Because Plaintiff's allegations under the two enumerated causes of action in the Complaint are not set forth in separate paragraphs and are all contained on page number four of that pleading, the Court cites to those portions as "Complaint at 4."

[4] Although the Complaint is difficult to follow and does not identify any specific causes of action with respect to Crosby, who has since passed away, in light of Plaintiff's *pro se* status, the Court construes the Complaint as to Crosby as asserting state law claims for false arrest and malicious prosecution based on the allegation that Crosby's conduct "directly resulted in the wrongful arrest and prosecution of [P]laintiff."  *See* Complaint at 4.  However, given that Crosby was named in his individual capacity, as a private citizen, and the Complaint contains only vague, conclusory allegations that Crosby acted as an agent of the County to cause his arrest and prosecution, the Court does not infer a claim against his Estate under 42 U.S.C. § 1983.  *See Lamont v. City of New York*, No. 12-cv-2478, 2014 WL 4829328, at *8 (E.D.N.Y. Sept. 29, 2014) ("[A] complaint premised on th[e] joint participation theory of state action cannot rest on conclusory assertions that the private individuals acted in concert with state officials, but must allege facts demonstrating that private actors and agents of the state 'carried out a deliberate, previously agreed upon plan, or that their actions constitute[d] a conspiracy or meeting of the minds.'" (citation and internal quotation marks omitted) (third set of brackets in original)).  In addition, and again mindful of Plaintiff's *pro se* status, because the Complaint

Essani's claims arise from several encounters with members of the Suffolk County Policy Department ("SCPD") that ultimately led to his arrest. *See id.* ¶¶ 9-18. Although the Complaint lacks detailed allegations regarding the conduct giving rise to the arrest, it asserts that Essani was arrested "for the alleged commission of a felony crime, to wit: Unregistered Vehicle Dismantler, pursuant to VTL 415A.1.01." *Id.* ¶ 9. According to the Complaint, on or about June 15, 2010 at approximately 10:00 a.m., one or more SCPD officers initially questioned Plaintiff at 1485 Montauk Highway in Bellport, New York. *See id.* ¶¶ 9-10. The officers then "returned later in the day, to take pictures, ask more questions, open hoods of vehicles, perform tasks on the vehicles, using various tools brought by them, all without [a] warrant, consent or probable cause." *Id.* ¶ 11. Essani was thereafter arrested and transported to the Seventh Precinct of the SCPD where he was interrogated. *See id.* ¶¶ 12, 13. Plaintiff claims to have never been advised of his right to remain silent or his right to have counsel present during questioning. *See id.* ¶¶ 14, 15.

The Complaint alleges that Earley and Nee, officers with the SCPD, falsely attributed to Essani voluntary admissions concerning the alleged crime. *See id.* ¶ 16. Plaintiff also contends that Earley, "without probable cause . . . , went before a superior police officer and swore that [Essani] committed the felony offense of Unregistered Vehicle Dismantler, pursuant to VTL 415A.1.01." *Id.* ¶ 17. Further, the Complaint avers that Crosby was a "police informant" in connection with the

---

alleges that the conduct underlying Essani's § 1983 claims against the County Defendants constitutes "false arrest" and "malicious prosecution," *see* Complaint at 4, the Court interprets the original Complaint to include those causes of action against the County Defendants under both federal and state law.

alleged crime at issue, who "acted in conspiracy with state actors to cause [P]laintiff to be falsely arrested and maliciously prosecuted." *Id.* ¶ 8; *id.* at 4. According to the Complaint, on September 20, 2010, Essani "appeared before the Hon. S. Lotto[,] a judge of the [county] District Court[,] and the . . . charge was dismissed pursuant to the Criminal Procedure Law, Section 160.50 with the result that the prosecution was terminated wholly favorably to [Plaintiff]." *Id.* ¶ 19.

On December 10, 2013, the Court entered a Scheduling Order requiring the parties to file motions to join additional parties or amend the pleadings on or before May 22, 2014. *See* DE [13]. Nearly three years later, at an October 7, 2016 motion hearing, Essani expressed his intention to file a motion seeking leave to amend his Complaint. *See* DE [52]. In setting a deadline of October 31, 2016 for Plaintiff to serve any such motion, the Court made clear that Defendants did not "waive[] any defenses or rights concerning the original [C]omplaint, any proposed amended complaint, including any defenses, or anything else." *See id.* Essani thereafter filed a motion to "Amend/Correct/Supplement" the Complaint on October 31, 2016 in which he requested leave to replace Crosby with Crafa and Western as executrixes of the Estate in light of Crosby's death in April 2016 and to add "Sgt. Komorowski" as a defendant. *See* DE [55]. The Estate opposed Plaintiff's motion on multiple grounds. *See* DE [57]. On August 9, 2017, this Court issued an Order granting only Plaintiff's request to substitute Crafa and Western as defendants, but deferred ruling on Plaintiff's request for leave to amend pursuant to Fed. R. Civ. P. 15. *See* DEs [60], [62]. Shortly thereafter, at a status conference on August 29, 2017, this Court set a

4

briefing schedule on Essani's anticipated motion to amend the Complaint and the Estate's anticipated cross-motion to dismiss and, further, provided deadlines governing discovery as between Plaintiff and the Estate. *See* DE [62]. Specifically, the Court directed that: (i) discovery requests be served on or before September 12, 2017; (ii) discovery responses be served on or before October 12, 2017; and (iii) Plaintiff's supplemental deposition take place on or before December 31, 2017. *See id.*

On October 10, 2017, Plaintiff filed the instant motion for leave to amend his Complaint, which the County Defendants opposed on October 23, 2017. *See* DEs [64], [65]. Thereafter, on December 20, 2017, in accordance with this Court's Minute Order dated August 29, 2017, the Estate submitted its cross-motion to dismiss and its opposition to Essani's motion for leave to amend, an additional copy of Essani's motion for leave to amend, Essani's opposition to the cross-motion, and its reply in further support of the cross-motion. *See* DEs [67]-[70]. Essani then filed an additional affidavit pertaining to the Estate's cross-motion on January 9, 2018. *See* DE [73].

B. **Background Pertaining to the Estate's Cross-Motion**

According to the Estate, both Essani and the Estate served discovery demands on each other by this Court's September 12, 2017 deadline. *See* Affirmation in Opposition to Plaintiff's Motion to Amend Complaint and in Support of the Estate's Cross-Motion to Dismiss Complaint ("Sepe Aff."), DE [68-1], ¶ 7. The Estate timely served its responses on October 12, 2017. *See id.* ¶ 8. As of the date the Estate served

its cross-motion, however, Essani had neither provided responses nor requested an extension of time. *See id.* ¶ 9.

Plaintiff claims that he initially learned of the Estate's discovery demands on November 9, 2017 when the Estate served its cross-motion. *See* Affidavit in Opposition ("Pl.'s Opp. Aff."), DE [66], ¶ 14. Following receipt of the cross-motion, Essani sent a letter to the Estate advising that he had not been served with the Estate's discovery demands and requesting an additional copy of such materials. *See id.* ¶ 15, Exhibit ("Ex.") 3. On November 21, 2017, the Estate re-sent the demands and requested dates for Essani's deposition. *See* Reply Affirmation in Further Support of the Estate's Cross-Motion to Dismiss Complaint ("Sepe Reply Aff."), DE [70], ¶ 5, Ex. L. Essani alleges that he received the demands, for the first time, on November 24, 2017. *See* Pl.'s Opp. Aff. ¶ 16.

On December 7, 2017, the Estate received a letter from Plaintiff requesting "a demand for 25 or fewer interrogatories" but providing no substantive responses to the thirty-eight interrogatories initially served. *See* Sepe Reply Aff. ¶ 6, Ex. M. The Estate sent Essani a letter in reply on December 12, 2017 that limited the number of interrogatories to twenty-five and again requested proposed deposition dates. *See* Sepe Reply Aff. ¶ 7, Ex. N. On December 13, 2017, Essani sent a written response to the Estate's document demands. *See id.* ¶ 8, Ex. O. While the Estate represents that Essani "fail[ed] to attach a single document" to his response, *id.*, Plaintiff alleges that he provided "response[s] to paragraph 4, a copy of a certificate of disposition and [p]aragraph 8, a copy of the relevant SCPD incident report of detective Earley . . . ,"

Affidavit in Opposition to Estate's Reply in Further Support of Estate's Cross-Motion[5] ("Pl.'s Sur-Reply Aff."), DE [74], ¶ 9. Essani also served answers to the Estate's modified interrogatories on December 21, 2017, *see id.* ¶ 11, Ex. 7, and provided availability for his deposition via email on December 25, 2017, *see id.* ¶ 25, Ex. 8. On December 28, 2017, the Estate moved for an extension of time to conduct Plaintiff's deposition.[6] *See* DE [72]. Essani subsequently filed an affidavit in response on January 22, 2018. *See* DE [74].

On May 18, 2018, Judge Azrack referred Plaintiff's motion for leave to amend his Complaint, the Estate's cross-motion to dismiss, and the Estate's motion for an extension of time to conduct Plaintiff's deposition to this Court. *See* Electronic Order dated May 18, 2018.

## II. LEGAL STANDARDS

### A. <u>Motions to Dismiss for Failure to Provide Discovery</u>

Rule 16 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), authorizes the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among other sanctions, Fed. R. Civ. P. 37(b)(2)(A) provides that the Court may "dismiss[ ] the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal as a sanction is also authorized under Fed. R. Civ.

---

[5] Though neither the Local Civil Rules nor Judge Azrack's Individual Rules permit the filing of sur-replies, the Court will consider Plaintiff's additional submission in opposition to the Estate's cross-motion in light of his *pro se* status.

[6] Plaintiff does not oppose the Estate's motion to extend the discovery period. *See* DE [73].

P. 37(d) where a party, after being properly served with interrogatories, fails to serve its answers or objections. *See* Fed. R. Civ. P. 37(d). As the Second Circuit has explained, "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal citations and quotation marks omitted). "*Pro se* litigants, though generally entitled to special solicitude before district courts . . . , are not immune to dismissal as a sanction for noncompliance with discovery orders." *Id.* (internal citations and quotation marks omitted). "[S]o long as a warning has been given that non-compliance can result in dismissal[,]" such a sanction may be appropriate. *Id.* (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994)). Nevertheless, "[t]he sanction of dismissal is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Martinez v. City of New York*, No. 16-cv-79, 2018 WL 1835935, at *2 (E.D.N.Y. Apr. 18, 2018) (citation omitted).

## B. Motions to Amend Pleadings

Motions to amend pleadings are governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion." (internal quotation omitted)); *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted

absent a good reason to the contrary . . . ."). Motions to add parties are governed by Fed. R. Civ. P. 21 and are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see Amaya*, 285 F.R.D. at 253 ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion."). In general, a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 228 (1962)).

However, where a scheduling order is already in place governing the deadline for amending the pleadings, and such relief is being sought after the deadline has expired, the above principles must be balanced with the "good cause" standard of Fed. R. Civ. P. 16. *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("We now . . . hold[ ] that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause [under Fed. R. Civ. P. 16(b)]."); *Charles v. City of N.Y.*, No. 11-cv-2783, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (applying the good cause standard of Fed. R. Civ. P. 16 in determining whether joinder of parties was proper where such joinder was sought after a deadline set forth in a scheduling order); *Nairobi Holdings Ltd. v. Brown Bros. Harriman &*

*Co.*, No. 02-cv-1230, 2006 WL 2242596, at *2 (S.D.N.Y. Aug. 3, 2006) ("Rule 16(b) governs leave to amend after a scheduling order has been entered in the case."). The movant bears the burden of establishing that good cause justifying the extension exists. *See Parker*, 204 F.3d at 340; *Marska v. Kalicki*, No. 06-cv-1237, 2010 WL 11606422, at *3 (E.D.N.Y. Mar. 26, 2010).

## C. *Pro Se* Pleadings

It is well-established that pleadings by *pro se* plaintiffs, such as Essani, are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations omitted)). The Second Circuit has held that a court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted); *see also Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances so that . . . *pro se* plaintiffs do not forfeit their rights by virtue of their lack of legal training"). However, the court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. Am. Educ. Servs.*, No. 12-cv-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sept. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)).

The leniency generally afforded to *pro se* litigants applies equally to procedural requirement such as those established by Fed. R. Civ. P. 16. *See Case v. Clivilles*, No. 12-cv-8122, 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016). However, "[a] district court does not abuse its discretion by denying a *pro se* litigant's motion to amend if the *pro se* litigant cannot show good cause. . . , particularly if the *pro se* litigant's proposed amendment is futile . . . ." *Id.* (internal citations and quotation marks omitted).

## III. DISCUSSION

### A. <u>The Estate's Cross-Motion to Dismiss</u>

Because granting the Estate's cross-motion to dismiss would obviate the need to decide the remaining motions, the Court addresses the cross-motion first. The Estate seeks the sanction of dismissal based upon Essani's failure to provide discovery in accordance with this Court's Minute Order dated August 29, 2017, DE [62], together with his history of non-compliance with discovery orders despite repeated warnings. *See* Memorandum of Law in Opposition to Plaintiff's Motion to Amend Complaint and in Support of the Estate's Cross-Motion to Dismiss the Complaint ("Def.'s Mem."), DE [68-11], at 9-11.

The Second Circuit has identified four factors that courts may consider in evaluating whether a dismissal under Fed. R. Civ. P. 37 is warranted: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . .

noncompliance." *Id.* (citation and internal quotation marks omitted).[7] "[T]hese factors are not exclusive, and they need not each be resolved against the non-compliant party, for dismissal to be appropriate . . . ; ultimately, the Court must conclude under all of the circumstances whether dismissal would be just." *Lopa v. Safeguard Properties Mgmt., LLC*, No. 14-cv-3193, 2018 WL 3104456, at *7 (E.D.N.Y. May 16, 2018) (internal citations and quotation marks omitted), *report and recommendation adopted*, No. 14-cv-3324, 2018 WL 3019875 (E.D.N.Y. June 18, 2018), *and report and recommendation adopted*, No. 14-cv-3193, 2018 WL 3094940 (E.D.N.Y. June 22, 2018).

Applying the standards outlined above, dismissal is inappropriate at this time. Initially, though Plaintiff indeed failed to comply with this Court's Minute Order dated August 29, 2017, he has now provided responses to the Estate's document demands and interrogatories. That order, notably, did not compel the production of specific discovery, but rather set a schedule for both the Estate and Essani to exchange demands and responses thereto. Absent an order issued in response to a motion to compel, "it cannot be said that lesser sanctions would be ineffective." *Bednjamin v. Kooi*, No. 9:07-cv-506, 2008 WL 4415168, at *3 (N.D.N.Y. Sept. 24, 2008). Nor was the duration of Plaintiff's noncompliance, approximately two months, so significant as to warrant dismissal. Indeed, the Estate also contributed to the delay by initially serving more than 25 interrogatories in violation of the Fed. R. Civ.

---

[7] In evaluating whether sanctions under Rule 16(f) are appropriate, "courts apply the same standards developed with respect to Rule 37(b)(2) sanctions." *Rouson v. Eicoff,* No. 04-cv-2734, 2007 WL 1827422, at *6 (E.D.N.Y. June 25, 2007).

P. 33.  The Court, moreover, finds any prior conduct of Essani involving the County Defendants largely immaterial to the Estate's cross-motion, particularly since the County Defendants elected not to join the Estate's motion to dismiss.

Notwithstanding the foregoing, the Court acknowledges that Plaintiff's explanation for the delay—that he did not receive the Estate's discovery demands until November 24, 2017—is tenuous considering the Estate's sworn representations that it served the demands twice by depositing a properly-stamped and addressed envelope in the United States mail and that neither envelope was returned to its counsel's office as undeliverable.  *See* Sepe Reply Aff. ¶ 3, Ex. J.  In addition, Essani has certainly been warned that his failure to participate meaningfully in the discovery process could result in a dismissal of his Complaint.  *See, e.g.*, *id.*, Ex. L. Taking into account all circumstances, however, the Court concludes that the balance of relevant factors favors Plaintiff.  Accordingly, the Court respectfully recommends that the Estate's cross-motion to dismiss be denied.

### B. <u>Plaintiff's Motion for Leave to Amend</u>[8]

Essani seeks leave to file the Proposed Amended Complaint, which includes a number of additional factual allegations and:  (i) for the first time, explicitly asserts state law causes of action for "false arrest and imprisonment"[9] and malicious

---

[8] Pursuant to Judge Azrack's Individual Rule IV(A)(2), the instant motion for leave to amend is before this Court for decision.  *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.").

[9] "[T]he common law tort of false arrest is a species of false imprisonment, such that the two share the same elements under New York law."  *Shaheed v. City of New York*, 287 F. Supp. 3d 438, 448 (S.D.N.Y. 2018), *reconsideration denied*, No. 14-cv-7424, 2018 WL 3455406 (S.D.N.Y. July 18, 2018).  Thus, the Court refers to these claims, together, as "false arrest" throughout this decision.

prosecution against the Estate; (ii) asserts a new state law "wrongful eviction" claim against the Estate; (iii) adds Komorowski as a new defendant with respect to his previously-asserted § 1983 claim for violation of the Fourth Amendment against the County Defendants; (iv) asserts a new claim under 42 U.S.C. § 1983 against the Estate for "violat[ing] his federal civil rights by wrongfully acting in conspiracy with defendant Komorowski"; and (v) adds a request for attorneys' fees and costs. *See generally* Proposed Amended Complaint, DE [64-2]. Applying the standards under both Fed. R. Civ. P. 16 and Fed. R. Civ. P. 15, the motion to amend is granted only to the extent contemplated by this Court's August 9, 2017 Order permitting Plaintiff to replace Crosby with Crafa and Western as executrixes of his Estate, and insofar as Plaintiff seeks to add a request for attorneys' fees and costs,[10] but is otherwise denied.

### 1. Fed. R. Civ. P. 16

Whether the requisite "good cause" under Fed. R. Civ. P. 16 exists depends, in part, on "the diligence of the moving party." *Parker*, 204 F.3d at 340; *see also Gorman v. Covidien Sales, LLC*, No. 13-cv-6486, 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) ("Whether good cause exists requires the court to inquire into the 'diligence of the moving party.'" (quoting *Holmes*, 568 F.3d at 335)). More specifically, the standard is not met if "the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended." *Ahmed v.*

---

[10] As "the court may, in its discretion, award reasonable attorneys' fees and costs to a party who proves a constitutional violation in an action pursuant to 42 U.S.C. § 1983," *Stone v. Nat'l R.R. Passenger Corp.*, No. 13-cv-0484, 2014 WL 4467807, at *1 (S.D.N.Y. Sept. 10, 2014), and neither the Estate nor the County Defendants specifically oppose Plaintiff's application to add a request for such an award, the Court grants the motion in this regard.

*Astoria Bank*, No. 14-cv-4595, 2015 WL 4394072, at \*2 (E.D.N.Y. July 16, 2015) (internal quotation marks omitted); *see also Case*, 2016 WL 5818577, at \*3 ("A proposed amendment that is 'devoid of any allegations or explanations of newly discovered facts' pertaining to the proposed amendment does not meet the standard required to show diligence." (quoting *Guity v. Uniondale Union Free Sch. Dist.*, No. 12-cv-1482, 2014 WL 795576, at \*7 (E.D.N.Y. Feb. 27, 2014)).

Pursuant to the Scheduling Order entered on December 10, 2013, the parties were required to file motions to join additional parties or amend the pleadings on or before May 22, 2014. *See* DE [13]. Although the Court modified the discovery schedule in this matter on several occasions, *see, e.g.*, DEs [23, 31, 38, 52], the deadline to file motions to join parties or amend pleadings was never extended. Nevertheless, Essani filed his initial motion seeking leave to amend his complaint on October 13, 2016, over two years after the Court-imposed deadline. Thus, Plaintiff "has the burden of demonstrating good cause by establishing that []he has been diligent." *Case*, 2016 WL 5818577, at \*4 (citing *Parker*, 204 F.3d at 340).

Essani has not made the required showing here. Neither the Proposed Amended Complaint nor any of Plaintiff's submissions in support of his motion for leave to amend contain a single allegation even suggesting that his proposed amendments were prompted by newly-discovered facts or circumstances. Essani merely alleges in his affidavit in further support of his motion that "the content of his original [C]omplaint included facts which revealed that [ ] Crosby, in conspiracy with state actors, violated [P]laintiff's civil rights by wrongly evicting him" and that he "is

relying on facts alleged in his initial [C]omplaint in declaring that his federal civil rights were violated by a wrongful eviction." Pl.'s Opp. Aff. ¶¶ 10, 12. Such contentions are conclusory in nature and, in any event, would not establish that Plaintiff exercised the requisite level of diligence even if they were supported with underlying facts.[11] Nor can the Court independently conclude that Plaintiff exercised the appropriate degree of diligence from any other materials in the record. Moreover, a review of the Proposed Amended Complaint makes clear that the new facts and claims therein are predicated solely upon information that Essani knew, or should have known, in advance of the May 22, 2014 deadline, because they pertain to the precise events giving rise to the claims asserted in the original Complaint. *See, e.g.*, Proposed Amended Complaint ¶ 17 ("The prosecution on the above referred to felony charge was commenced maliciously for some purpose or purposes personal to defendant Komorowski, including the purpose of assisting Harvey Crosby with respect to a real property dispute he had with [P]laintiff[.]"); *id.* ¶ 24 ("C[rosby] deliberately made untrue statements to police of about the [P]laintiff, including deliberately falsely declaring to the defendant police personnel that [P]laintiff was a squatter on the property owned by . . . Crosby which in fact had been sold to [P]laintiff by . . . Crosby."); *id.* ("Crosby also deliberately misled the police officer defendants by maliciously declaring that [P]laintiff had stolen cars on the property and was dismantling them and selling parts; these willfully false assertions directly resulted

---

[11] Though these assertions could have some bearing on a whether the relation back doctrine under Fed. R. Civ. P. 15—discussed in further detail below—applies to save an otherwise untimely claim, they are of no moment for purposes of the present analysis.

in the wrongful arrest, imprisonment and prosecution of the [P]laintiff; as a favor to defendant Crosby[.] . . .”); *id.* ¶ 29 (“[U]nder the common law of New York State, Plaintiff alleges that defendants Cynthia Crafa and Nancy Western, representatives of the decedent, Harvey Crosby, committed the torts of false arrest and imprisonment, malicious prosecution and unlawful eviction against [P]laintiff by lying to the police with the result that Mr. Crosby and his representatives became responsible for the false arrest and imprisonment, unlawful eviction and malicious prosecution.”).  Essani neglects to advance a theory, much less offer evidence, demonstrating that he was unaware of these facts in advance of the Court’s deadline to file motions for leave to amend.[12]  Accordingly, as Plaintiff has failed to exercise due diligence with regard to his proposed amendments or otherwise make a showing of good cause for an extension of the deadline under Fed. R. Civ. P. 16, the Court is justified in denying leave to assert new claims, even taking into account Essani’s *pro se* status.  *See Case*, 2016 WL 5818577, at *4 (denying *pro se* plaintiff’s motion for leave to amend her complaint filed seventeen months after the court-established deadline for failure to show good cause where the cause of action sought to be added “was available to her at the time she commenced th[e] action”).

2. Fed. R. Civ. P. 15

Even assuming, *arguendo*, that Essani had established good cause to amend his pleading, the Court would still deny his request to assert new claims and add

---

[12] Moreover, the new allegation that “Officers Earley and Nee declared they were arresting [P]laintiff based on the order of defendant Sgt. Komorowski,” *see id.* ¶ 10, on its face belies any contention that Essani was previously unaware of Komorowski’s role in the alleged constitutional violations.

Komorowski as a defendant under the Fed. R. Civ. P. 15 standard. The Court addresses Plaintiff's proposed claims against the Estate and Komorowski in turn.

### i. Proposed Claims Against the Estate

As noted above, the Court interprets the Proposed Amended Complaint to assert, for the first time: (i) state law causes of action for false arrest and malicious prosecution against the Estate; (ii) a state law "wrongful eviction" claim against the Estate; and (iii) a claim under 42 U.S.C. § 1983 against the Estate for conspiring with Komorowski to violate Plaintiff's civil rights. In opposition to the motion, the Estate argues that that Essani's attempt to amend his pleading at this juncture was undertaken in bad faith, and that granting his motion would result in undue delay and prejudice to the Estate. *See* Def.'s Mem. at 4-6. The Estate further contends that amendment would be futile because all new claims in the Proposed Amended Complaint are time-barred. *See* Def.'s Mem. at 6-9.

"The concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." *Chepilko v. City of New York*, No. 06-cv-5491, 2010 WL 3926186, at *2 (E.D.N.Y. Sept. 8, 2010) (citation omitted), *report and recommendation adopted*, 2010 WL 3909211 (E.D.N.Y. Sept. 27, 2010). "The assertion of a new claim following the death of a material witness, including a party, may result in undue prejudice to the non-moving party." *In re Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. 208, 224 (Bankr. S.D.N.Y. 2016).

Here, Plaintiff has offered no justification for waiting approximately six years from the events at issue, and three years from the date this action was initiated, to assert these additional claims against Crosby or the Estate. Essani likewise fails to proffer an adequate explanation for his failure to depose Crosby prior to his death. Importantly, the Proposed Amended Complaint contains a number of new factual allegations concerning Crosby's conduct and intent, which relate to Plaintiff's previously-asserted and proposed claims. *See, e.g.*, Proposed Amended Complaint ¶ 24 ("C[rosby] deliberately made untrue statements to police about the [P]laintiff . . . ."); *id.* ("Defendant Crosby also deliberately misled the police officer defendants by maliciously declaring that [P]laintiff had stolen cars on the property and was dismantling them and selling parts [.] . . ."). Indeed, given that Crosby was a private citizen during the events in question, Plaintiff's contemplated claim against the Estate under 42 U.S.C. § 1983 would necessarily be premised on the "joint participation theory" of liability discussed above. *See* p. 2 n.4, *supra*; *Lamont*, 2014 WL 4829328, at *8 ("A private individual who operates as a willful participant in joint activity with the State or its agents can be found to have acted under the color of state law for purposes of § 1983." (citation and internal quotation marks omitted)). And liability under this theory turns, in part, on whether Crosby and the County Defendants' "actions constitute[d] a conspiracy or meeting of the minds." *See id.* (alteration in original). The Estate would be equally disadvantaged with respect to the proposed claim for wrongful eviction given the lack of any prior notice of this claim or the facts supporting it. In short, if the Court were to allow Plaintiff's proposed

amendments at this juncture, the Estate would, in light of Crosby's death, have little or no means of rebutting factual assertions advanced by Essani or otherwise obtaining facts necessary to defend the case. Taking into account both Plaintiff's unexplained delay in seeking to amend his Complaint and the prejudice that the Estate would experience in defending against new claims, the Court concludes that Essani's proposed amendments as to the Estate—except the substitution of Crafa and Western for Crosby—are precluded as unduly delayed and prejudicial.[13]

### ii. Proposed Claim Against Komorowski

Plaintiff also seeks to add Komorowski as a new defendant with respect to the previously-asserted § 1983 claim against the County Defendants for violation of the Fourth Amendment. In opposition to Plaintiff's motion, the County Defendants argue that the claim against Komorowski in the Proposed Amended Complaint is time-barred and, therefore, that amendment would be futile. *See* County Defendants' Memorandum of Law in Opposition to Motion to Amend, DE [65]. The Court agrees.

The applicable statute of limitations for claims under 42 U.S.C. § 1983 brought in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 251, 109 S. Ct. 573, 582 (1989) (holding that New York's three-year statute of limitations governing general personal injury actions applies to § 1983 actions); *see also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 233-34 (E.D.N.Y. 2015). Here, Plaintiff's claims accrued either in or before September 2010, when his criminal case was ultimately resolved. *See Lont v. Roberts*, No. 12-cv-4960,

---

[13] Since the Court finds Plaintiff's proposed amendments as to the Estate unduly delayed and prejudicial, the Court will not address the the Estate's bad faith and futility arguments.

2013 WL 1810759, at *2 (E.D.N.Y. Apr. 26, 2013) ("Under federal law, the time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." (alteration in original) (citation and internal quotation marks omitted)). Thus, the statute of limitations expired in September 2013 at the latest.

Nevertheless, an otherwise untimely amendment to the complaint will be permitted if it is deemed to "relate back" to the original complaint. *See* Fed. R. Civ. P. 15(c)(1). Rule 15(c)(1)(C), which establishes the federal standard for relation back when an amendment to the pleadings adds a party to an action, *see Hogan*, 738 F.3d at 517, provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted . . . ."

Here, the relation back doctrine does not save Essani's time-barred claim against Komorowski because Plaintiff failed to reserve his right to add a new party by naming a "John Doe" defendant within the limitations period and, as a result, the proposed amendment would not "change[ ] the party or the naming of the party against whom a claim is asserted," Fed. R. Civ. P. 15(c)(1)(C), but rather would add a new party altogether. *Pikos v. Liberty Maint., Inc.*, No. 09-cv-4031, 2015 WL 6830670, at *3 (E.D.N.Y. Nov. 6, 2015) ("Courts in this Circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants."). Indeed, this deficiency would foreclose application of the relation back doctrine even if the

proposed claim against Komorowski arose out of conduct set out in the original Complaint. *See In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) ("The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so."). Given that the applicable statute of limitations bars the proposed claim against Komorowski and the relation back doctrine does not apply, an amendment adding that claim as to him would be futile. *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *Bastien v. Samuels*, No. 14-cv-1561, 2014 WL 5306016, at *5 (E.D.N.Y. Oct. 15, 2014) ("[P]laintiff's claims . . . are untimely. Better pleading would not cure this defect in these claims, and leave to amend is therefore denied."); *Bridgeforth v. U.S. Navy Recruitment Office*, No. 11-cv-431, 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011) ("Amendment would be futile here because Plaintiffs [sic] claims arise from events, which he was aware of, that occurred more than three years before he commenced this Section 1983 action. Thus, his claims are time barred, and amendment would be futile because repleading would not cure the timeliness deficiency." (internal citation omitted)).

### C. **Motion to Extend Discovery**

Based on the discovery issues outlined above, the Estate seeks an extension of the deadline to complete Plaintiff's deposition. *See* DE [72]. In light of Essani's failure to timely provide responses to the Estate's discovery demands, and the recommendation that the cross-motion to dismiss be denied, good cause for such an

extension exists. Accordingly, a status conference before this Court is set for September 12, 2018 at 10:00 a.m. in courtroom 820 of the Central Islip courthouse. At this conference, the Court will set a schedule for all outstanding discovery and address any contemplated motions to compel.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that the Estate's cross-motion to dismiss be denied. Further, Essani's motion for leave to amend is granted in part and denied in part, and the Estate's motion to extend the discovery deadline is granted. For the sake of clarity, the Court interprets the operative Complaint as asserting the following:

(i)     Claims for false arrest and malicious prosecution in violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 against the County Defendants;

(ii)     State law claims for false arrest and malicious prosecution against the County Defendants; and

 (iii)   State law claims for false arrest and malicious prosecution against the Estate.

## V. OBJECTIONS

A copy of this Order, Report and Recommendation is being served on Defendants by electronic filing and mailed to Plaintiff on the date below. In addition, Defendants are directed to serve a copy of this Order, Report and Recommendation on Plaintiff and promptly file proof of service by ECF. Any objections must be filed

with the Clerk of the Court within 14 days of receipt of this decision. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated:      Central Islip, New York
            August 9, 2018

                              s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge