FILED
CLERK
8/28/2018 4:37 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AHMED ESSANI,

                Plaintiff,

  -against-

KEVIN J. EARLEY, et al.,

                Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
13-CV-3424 (JMA) (SIL)

**AZRACK, United States District Judge:**

<u>Pro se</u> plaintiff Ahmed Essani commenced this action on June 14, 2013 against defendants Kevin J. Earley, Terence Nee, the County of Suffolk (together with Earley and Nee, the "County Defendants") and Harvey Crosby (together with the County Defendants, "Defendants"). After Crosby's death in April 2016, Cynthia Crafa and Nancy Western, as executrixes of the Estate of Harvey Crosby (the "Estate"), were substituted as defendants pursuant to an Order issued by Magistrate Steven I. Locke on August 9, 2017. On October 10, 2017, Plaintiff filed a motion requesting leave to amend his complaint and to add Sergeant Komorowski as a defendant. On December 20, 2017, the Estate submitted a cross-motion to dismiss for failure to provide discovery, or in the alternative, for an extension of time to complete Plaintiff's deposition. On May 18, 2018, I referred these motions to Judge Locke for a Report and Recommendation ("R&R").

On August 9, 2018, Judge Locke issued an R&R recommending that: (1) the Estate's cross-motion to dismiss be denied; (2) the Estate's request for an extension of the deadline to complete Plaintiff's deposition be granted; and (3) Plaintiff's request to amend his complaint be granted only to the extent Plaintiff seeks to add a request for attorney's fees and costs, but otherwise that

1

Plaintiff's motion be denied. On August 23, 2018, the Estate filed objections to Judge Locke's R&R. Having conducted a review of the full record and the applicable law, I adopt Judge Locke's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and I agree with Judge Locke's R&R and adopt it as the opinion of this Court. The Estate objects to the R&R to the extent that it allows Plaintiff to add a claim for attorney's fees and costs against the Estate. The Court overrules this objection as the Estate did not specifically oppose this request before Judge Locke and therefore waived any argument that Plaintiff should not be allow to amend his complaint to add a claim for attorney's fees and costs against the Estate. The Court notes that this does not prevent the Estate from making any substantive arguments opposing a request for fees and costs at a later date, should Plaintiff ultimately prevail in this action, including the arguments that attorney's fees are not available for Plaintiff's state law claims and that pro se litigants are not entitled to attorney's fees.

Accordingly, the Court: (1) denies the Estate's cross-motion to dismiss; (2) grants the Estate's request for an extension of the deadline to complete Plaintiff's deposition; and (3) grants Plaintiff's request to amend his complaint only to the extent Plaintiff seeks to add a request for attorney's fees and costs, but otherwise denies Plaintiff's motion to amend.

**SO ORDERED.**

Dated: August 28, 2018
       Central Islip, New York

                                            /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE