UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
AHMED ESSANI,

                        Plaintiff,

   -against-

KEVIN J. EARLEY, TERENCE NEE, Individually and as police personnel of the Suffolk County, New York Police Department COUNTY OF SUFFOLK, and The ESTATE OF HARVEY CROSBY

                       Defendants.
----------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
13-cv-3424 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this civil rights action, on referral from the Honorable Joan M. Azrack, is Defendant the Estate of Harvey Crosby's (the "Estate" or "Defendant") Motion to Dismiss *pro se* Plaintiff Ahmed Essani's ("Essani" or "Plaintiff") Amended Complaint as to the Estate. *See* Docket Entry ("DE") [86]. For the reasons set forth below, the Court respectfully recommends that the Estate's motion to dismiss be denied on subject matter jurisdiction grounds but granted based on the applicable statute of limitations, and that the Amended Complaint as against the Estate be dismissed with prejudice.

1

## I. BACKGROUND[1]

By Complaint dated June 14, 2013, Plaintiff commenced this action asserting a claim under 42 U.S.C. § 1983 against Defendants Kevin J. Earley ("Earley"), Terence Nee ("Nee") and the County of Suffolk (the "County") (Earley, Nee and the County collectively, the "County Defendants" and together with the Estate, the "Defendants") for violation of his "Fourth Amendment rights to be free from false arrest, [ ] malicious prosecution, and excessive force," and asserting an unspecified claim against Defendant Harvey Crosby ("Crosby") for, "acting jointly with [Earley and Nee], alleg[ing] factually untrue statements about [P]laintiff, which directly resulted in the wrongful arrest and prosecution of [P]laintiff." Complaint ("Compl."), DE [1], at 4. [2]

Essani's claims arise from several encounters with members of the Suffolk County Police Department ("SCPD") that ultimately led to his arrest. *See id.* at ¶¶ 9-18. Although the Complaint lacks detailed allegations regarding the conduct giving rise to the arrest, it asserts that Plaintiff was arrested "for the alleged commission of a felony crime, to wit: Unregistered Vehicle Dismantler, pursuant to VTL 415A.1.01." *Id.* at ¶ 9. According to the Complaint, on or about June 15, 2010, at approximately 10:00 a.m., one or more SCPD officers questioned Essani at 1485 Montauk Highway in Bellport, New York. *See id.* at ¶¶ 9-10. The officers then "returned later in the

---

[1] As the parties' familiarity with the underlying facts and extensive procedural history is presumed, the Court sets forth only background material that is directly relevant to the instant motion.

[2] Where the Complaint does not set forth allegations in separate paragraphs, references to those portions of the Complaint are by page number.

2

day, to take pictures, ask more questions, open hoods of vehicles, perform tasks on the vehicles, using various tools brought by them, all without [a] warrant, consent or probable cause." *Id.* at ¶ 11. Plaintiff was thereafter arrested and transported to the Seventh Precinct of the SCPD where he was interrogated. *See id.* at ¶¶ 12, 13. Essani claims to have never been advised of his right to remain silent or his right to have counsel present during questioning. *See id.* at ¶¶ 14, 15.

The Complaint alleges, among other things, that Crosby was a "police informant" in connection with the alleged crime at issue, who "acted in conspiracy with state actors to cause [P]laintiff to be falsely arrested and maliciously prosecuted." *Id.* at ¶ 8. On September 20, 2010, the charge against Essani was dropped. *See id.* at ¶ 19.

As set forth above, Plaintiff filed his Complaint on June 14, 2013, and on August 26, 2013, Crosby filed his Answer. *See* DE [9]. On April 7, 2016, Crosby died, and Essani filed a motion to "Amend/Correct/Supplement" the Complaint on October 31, 2016, in which he requested leave to replace Crosby with his daughters, Cynthia Crafa ("Crafa") and Nancy Western ("Western"), as executrixes of the Estate. *See* DE [55]. On August 9, 2017, this Court issued an Order granting Plaintiff's request to substitute Crafa and Western as defendants. *See* DE [60].

Essani filed a motion for leave to amend his Complaint on October 10, 2017. *See* DE [64]. With respect to the Estate, the Proposed Amended Complaint asserts: (i) state law causes of action for false arrest and malicious prosecution; (ii) a state law "wrongful eviction" claim; and (iii) a claim under 42 U.S.C. § 1983 for conspiracy to

3

violate Plaintiff's civil rights. Further, the Proposed Amended Complaint contains several new factual allegations concerning Crosby's conduct, which relate to Essani's previously asserted claims. *See, e.g.*, Proposed Amended Complaint ("Proposed Amend. Compl.") ¶ 24 ("C[rosby] deliberately made untrue statements to police about the [P]laintiff . . . ."); *id.* ("Defendant Crosby also deliberately misled the police officer defendants by maliciously declaring that [P]laintiff had stolen cars on the property and was dismantling them and selling parts [.] . . ."). Finally, the Proposed Amended Complaint added a new defendant and requested attorneys' fees and costs. *See, e.g.*, *id.* at ¶ 5.

This Court issued a Report and Recommendation on August 9, 2018, recommending that the proposed amendments as to the Estate—except for the substitution of Crafa and Western for Crosby—be precluded as "unduly delayed and prejudicial" and clarifying that the only claims remaining against the Estate were "[s]tate law claims for false arrest and malicious prosecution." *Essani v. Earley, et al.*, No. 13-cv-3424, 2018 WL 3785109, at *8, *10 (E.D.N.Y. Aug. 9, 2018), *report and recommendation adopted*, No. 13-cv-3424, 2018 WL 4100483 (E.D.N.Y. Aug. 28, 2018). Judge Azrack adopted the Report and Recommendation on August 28, 2018 and granted the motion to amend only to add a request for attorneys' fees and costs. *See* DE [78]. On September 21, 2018, Essani filed the Amended Complaint, which asserted state law claims as well as the 42 U.S.C. § 1983 claim against the Estate that the Court had precluded. *See* DE [80].

Defendant now moves to dismiss Plaintiff's Amended Complaint on the grounds that: (i) this Court lacks subject matter jurisdiction over the claims asserted against the Estate; and (ii) Essani's claims are time-barred under the applicable one-year statute of limitations. The Estate further moves to dismiss Essani's request for attorneys' fees and costs. *See* Memorandum of Law in Support of the Estate's Motion to Dismiss Plaintiff's Amended Complaint ("Estate's Memorandum"), DE [88-9]. In his opposition, Plaintiff asserts that: (i) the Court has federal question jurisdiction over his claims; and (ii) any statute of limitations defense that the Estate now tries to assert was waived when Crosby filed his Answer in August 2013, and regardless of waiver, the claims against the Estate are subject to a three-year statute of limitations, and as such, were timely commenced. *See* Plaintiff's Opposition to Estate of Harvey Crosby's Motion to Dismiss Amended Complaint ("Plaintiff's Opp."), DE [87].

## II. LEGAL STANDARDS

### A. <u>Fed. R. Civ. P. 12(b)(1)</u>

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a federal court must dismiss a claim when it lacks jurisdiction over the subject matter of the action. *See* Fed. R. Civ. P. 12(b)(1); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). The party asserting subject matter jurisdiction has the burden to prove the Court's jurisdiction by a preponderance of

5

the evidence. *See Vailette v. Lindsay*, No. 11-cv-3610, 2014 WL 4101513, at *3 (E.D.N.Y. Aug. 18, 2014).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court must assume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *C.K. v. Bd. of Educ. of the Westhampton Beach Sch. Dist.*, 185 F. Supp. 3d 317, 324 (E.D.N.Y. 2016). Further, the court may refer to evidence outside the pleadings, such as affidavits, to resolve the jurisdictional issue. *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003).

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1975 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the court must accept as true all allegations in the complaint and draw all inferences in the non-moving party's favor. *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y.

2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The court may consider only the factual allegations in the complaint, documents incorporated by reference into the complaint, matters of which judicial notice may be taken and documents that are integral to the complaint and upon which the complaint relies heavily. *Lockwood v. Town of Hempstead*, No. 16-cv-3756, 2017 WL 3769253, at *2 (E.D.N.Y. Aug. 28, 2017) (internal quotation marks and citation omitted).

A pre-answer motion to dismiss that raises a statute of limitations defense is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[3] *Rosario v. Local 1106 Transp. Works of Am.*, 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014). Where dates in the complaint or other documents properly considered on a motion to dismiss show that an action is barred by the statute of limitations, the action should be dismissed pursuant to Rule 12(b)(6). *Id.*

### C. *Pro Se* Pleadings

It is well-established that pleadings filed by *pro se* plaintiffs, such as Essani, are held "to less stringent standards than formal pleadings drafted by lawyers."

---

[3] The parties disagree as to whether Defendant's motion is considered a "pre-answer motion." As explained below, the Court finds that it is.

7

*Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). The Second Circuit has held that a court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002) (internal alterations omitted); *see also Colorado Capital v. Owens*, 227 F.R.D. 181, 193 (E.D.N.Y. 2005) (holding that a court must "make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her or his lack of legal training") (internal quotation marks and citations omitted). Further, courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss. *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). However, the court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. Am. Educ. Servs.*, No. 12-cv-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sept. 23, 2014) (internal quotation marks and citation omitted).

## III. DISCUSSION

The Estate moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). *See generally* Estate's Memorandum. Applying the standards outlined above, and for the reasons set forth below, the Court

8

respectfully recommends that the Estate's motion be granted in part and denied in part and that the Amended Complaint as against the Estate be dismissed on statute of limitations grounds.

### A. Motion to Dismiss Essani's Claims Pursuant to Fed. R. Civ. P. 12(b)(1)

Initially, Defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(1) on the ground that this Court lacks subject matter jurisdiction to hear the claims against it. The Estate argues that both diversity jurisdiction and federal question jurisdiction are lacking and urges the Court not to exercise supplemental jurisdiction.

*i.    Diversity and Federal Question Jurisdiction*

It is axiomatic that federal courts have diversity jurisdiction only where there is complete diversity between the parties—that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016). Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. *OneWest Bank, N.A*, 827 F.3d at 218. At the time this action was commenced, Essani was a citizen of New York. *See* Compl. The Estate takes on the citizenship of Crosby, who was also a citizen of New York, *see* Plaintiff's Opp., Exhibit ("Ex.") 2, when this action was commenced. *See* 28 U.S.C.A. § 1332 (c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . ."); *see also Hartford Life Ins. Co. v. Simonee*, No. 14-cv-7520, 2015 WL 8490998, at *3 (E.D.N.Y. Dec. 10, 2015). Accordingly, because

9

Plaintiff and Defendant are citizens of New York, this Court lacks diversity jurisdiction.

Because there is no diversity jurisdiction, to survive the Estate's motion to dismiss, Essani must demonstrate that there is federal question jurisdiction. Federal question jurisdiction gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Adames v. Taju*, 80 F. Supp. 3d 465, 468 (E.D.N.Y. 2015) (internal quotation marks and citations omitted).

Plaintiff alleges that "Crosby and his representatives were state actors who violated plaintiff's federal civil rights." Amended Complaint ("Amend. Compl.") ¶ 27. As discussed above, this Court previously determined that Essani's claims against Defendant are state law claims for false arrest and malicious prosecution. *Essani*, 2018 WL 3785109, at *10. Further, this Court made clear that Crosby was a private citizen during the events in question and, as a result, there is no cognizable claim against the Estate under 42 U.S.C. § 1983. *Id.* at *1 n.4; *id.* at *8. Accordingly, the Court lacks federal question jurisdiction over the claims against Defendant.

  *ii.* *Supplemental Jurisdiction*

In the absence of diversity or federal question jurisdiction, district courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d

10

Cir.2011) (quoting 28 U.S.C. § 1367(a)).  Supplemental jurisdiction is an "umbrella term" comprising subcategories such as pendant-party jurisdiction.  *Perrone v. Amato*, No. 09-cv-316, 2010 WL 11629624, at *5 (E.D.N.Y. Aug. 30, 2010); 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3567 (3d ed. 2010).

To exercise supplemental jurisdiction, a federal court must have before it a claim sufficient to confer subject matter jurisdiction, and that claim and the supplemental claim "must stem from the same common nucleus of operative fact," meaning that the plaintiff would ordinarily be expected to try all claims in one judicial proceeding.  *Pierre v. Planet Auto., Inc.*, 193 F. Supp. 3d 157, 170 (E.D.N.Y. 2016) (citing *Montefiore*, 642 F.3d at 332) (internal quotation marks omitted).  A federal court may decline to exercise supplemental jurisdiction, however if:  "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c); *Brooklyn Heights Ass'n v. Nat'l Park Serv.*, 818 F. Supp. 2d 564, 570 (E.D.N.Y. 2011).  Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  *Heckmann v. Town of Hempstead*, No. 10-cv-5455, 2013 WL 1345250, at *2 (E.D.N.Y. Mar. 27, 2013) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966)).  In determining whether to exercise supplemental jurisdiction, a federal court should weigh the "values of

11

judicial economy, convenience, fairness, and comity." *Id.* (internal quotation marks and citations omitted).

Here, Essani's state law claims against Defendant arise out of the same facts as the § 1983 claims against the County Defendants for violation of Essani's Fourth Amendment rights to be free from false arrest, malicious prosecution and excessive force. Plaintiff alleges that the County Defendants arrested him without probable cause and pursued a malicious and false prosecution against him due to Crosby's untrue statements. Amend. Compl. ¶ 24. Accordingly, supplemental jurisdiction over the state law claims against the Estate is appropriate. *See Semente v. Empire Healthchoice Assurance, Inc.*, No. 14-cv-5823, 2016 WL 4621076, at *3 (E.D.N.Y. Sept. 6, 2016) (exercising supplemental jurisdiction over party in a federal question case over whom only state law claims had been asserted); *see also Jones v. Nickens*, 961 F. Supp. 2d 475, 496 (E.D.N.Y. 2013) (exercising supplemental jurisdiction over state law claims where the claims arose from the same events that formed the basis for the § 1983 claims that remained in the case). Further, none of the factors enumerated in § 1367(c), which suggest when a federal court should decline to exercise supplemental jurisdiction, are present here. There are no complex or novel issues of state law, "exceptional circumstances" or other "compelling reasons" for declining jurisdiction, and the state law claims do not predominate over the federal claims. Accordingly, the Court recommends that supplemental jurisdiction over Essani's claims against Defendant be exercised and that the motion to dismiss on subject matter jurisdiction grounds be denied.

### B. Motion to Dismiss Essani's Claims Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendant further argues that Essani's state law claims must be dismissed for failure to comply with New York's one-year statute of limitations for false arrest and malicious prosecution. *See* Estate's Memorandum, at 6. As a threshold matter, the Court must consider whether the statute of limitations defense, raised for the first time in the instant motion and not raised in Crosby's August 2013 Answer, was waived.

An amended complaint opens the door for defendants to raise new defenses, and such defenses are not waived even though they were not raised in response to the original complaint. *Rosenberg v. City of New York*, No. 09-cv-4016, 2011 WL 4592803, at *15 (E.D.N.Y. Sept. 30, 2011); *see also Medidata Sols., Inc. v. Veeva Sys. Inc.*, 748 F. App'x 363, 365 (2d Cir. 2018) ("It is hardly a novel proposition that "an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks and citation omitted). Plaintiff filed the Amended Complaint on September 21, 2018, and the Estate was permitted to include its statute of limitations defense in response to that pleading. Accordingly, Defendant's invocation of a statute of limitations defense at that time was appropriate and is now properly before this Court.

A motion to dismiss on statute of limitations grounds "may be granted only if it is clear on the face of the complaint that the statute of limitations has run." *839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Tr. Co. for First Franklin Mortg. Loan Tr. 2006-FF3, Mortg. Pass-Through Certificates, Series 2006-FF3*, No. 15-cv-4516, 2018

13

WL 4259867, at *4 (E.D.N.Y. Sept. 5, 2018) (internal quotation marks and citation omitted).  Under New York law, a claim for false arrest must be brought within one year after the cause of action accrues, which is when the plaintiff is released from custody.  *TADCO Const. Corp. v. Dormitory Auth. of State of New York*, 700 F. Supp. 2d 253, 273 (E.D.N.Y. 2010); N.Y.C.P.L.R. § 215 (3).  A New York state claim for malicious prosecution is also subject to a one-year statute of limitations and accrues on the date that the criminal proceeding is terminated in the plaintiff's favor.  *Harris v. Town of Islip Hous. Auth.*, 825 F. Supp. 2d 370, 375 (E.D.N.Y. 2011); N.Y. C.P.L.R. § 215 (3).

The Amended Complaint does not state the date on which Plaintiff was released from custody.  The criminal charges underlying Essani's lawsuit, however, were dismissed on September 20, 2010.  Amend. Compl. ¶ 18.  Accordingly, Essani's claims accrued either in or before September 2010, when his criminal case was ultimately resolved.  Thus, the statute of limitations expired in September 2011 at the latest, yet Plaintiff did not commence his action against Crosby until June 2013.  *See* Compl.  As such, Essani's claims are time-barred under New York state law.[4]

---

[4] Defendant interprets Essani's reliance on the three-year statute of limitations for the federal claims asserted in the Amended Complaint as an attempt to toll the statute of limitations for the state law claims.  *See* DE [97] ("Plaintiff argues that his state law claims against the Estate of Crosby were timely asserted because they were filed within the same complaint as a § 1983 claim in 2013 . . . Plaintiff implies that if he did indeed have, at one point in time, a standing § 1983 claim . . . against the Estate in the same complaint, that the § 1983 claim would somehow toll the state law causes of action.").  The Court does not similarly read Plaintiff's opposition papers as raising any such tolling argument.  For the sake of completeness, however, the Court has considered whether the statute of limitations for the state law claims in a complaint could be tolled due to the existence of federal claims in the same complaint and finds that it could not.  These different causes of action are subject to independent statute of limitations determinations.  *See Bishop v. Henry Modell & Co.*, No. 08-cv-7541, 2009 WL 3762119, at *5 (S.D.N.Y. Nov. 10, 2009), *aff'd sub nom.*, 422 F. App'x 3 (2d Cir. 2011).

## C. <u>Attorneys' Fees and Costs</u>

The Estate also moves to dismiss Plaintiff's request for attorneys' fees and costs. The general rule in New York is that attorneys' fees "may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). *Pro se* litigants, however, are not entitled to recover attorneys' fees, even where such fees are otherwise authorized. *Warren v. Colvin*, 744 F.3d 841, 845 n.5 (2d Cir. 2014) (citing *Kuzma v. U.S. Postal Serv.*, 725 F.2d 16, 17 (2d Cir. 1984). Additionally, costs other than attorneys' fees shall be allowed as of course to the "prevailing party" unless a statute, the federal rules or a court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). The decision to award costs pursuant to Fed. R. Civ. P. 54(d)(1) "rests within the sound discretion of the district court." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (internal quotation marks and citation omitted). To be considered a "prevailing party," one must prevail on the central claims advanced and receive substantial relief as a result. *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16-cv-5766, 2018 WL 3104631, at *2 (S.D.N.Y. May 24, 2018); *see also Dattner*, 458 F.3d at 100 (noting that a litigant who is a "prevailing party" for purposes of attorneys' fees is also a prevailing party for purposes of costs).

Here, Essani is a *pro se* litigant and, in any event, has not prevailed against the Estate in this case. Accordingly, the Court respectfully recommends that Defendant's motion dismissing Plaintiff's requests for attorneys' fees and costs as to the Estate be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendant's motion to dismiss be granted in part and denied in part and that the Amended Complaint be dismissed against the Estate on statute of limitations grounds.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendant by electronic filing and mailed to Plaintiff on the date below. In addition, Defendant is directed to serve a copy of this Report and Recommendation on Plaintiff and promptly file proof of service by ECF. Any objections must be filed with the Clerk of the Court within 14 days of receipt of this decision. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
         May 23, 2019

                                              s/ Steven I. Locke
                                              STEVEN I. LOCKE
                                              United States Magistrate Judge