```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AHMED ESSANI,

                Plaintiff,

      -against-

KEVIN J. EARLEY, TERENCE NEE,
*Individually and as police personnel of the
Suffolk County, New York Police Department*,
COUNTY OF SUFFOLK, and THE ESTATE
OF HARVEY CROSBY

                Defendants.
----------------------------------------------------------X
```

For Online Publication Only

**ORDER**
13-CV-3424 (JMA) (SIL)

**FILED**
**CLERK**

7/26/2019 12:44 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Ahmed Essani ("Plaintiff"), proceeding pro se, commenced this action on June 14, 2013 against defendants Kevin J. Earley, Terence Nee, Harvey Crosby (now the Estate of Harvey Crosby), and the County of Suffolk. (ECF No. 1.) On September 21, 2018, Plaintiff filed an amended complaint. (ECF No. 80.) On December 5, 2018, the Estate of Harvey Crosby (the "Estate") moved to dismiss Plaintiff's amended complaint. (ECF No. 86.) On December 7, 2018, I referred the Estate's motion to dismiss to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R").

On May 23, 2019, Judge Locke issued a R&R recommending that the Estate's motion to dismiss be granted in part and denied in part, and that the amended complaint as against the Estate be dismissed with prejudice.

Judge Locke also stated that Plaintiff must file any objections to the R&R within 14 days. Plaintiff did not file an objection within that time. 32 days after Judge Locke issued the R&R, Plaintiff requested a two-week extension to file his objection. (ECF No. 100.) On July 2, 2019, the Court granted Plaintiff's request for an extension. On July 16, 2019—one day before the

extended deadline to object to the R&R—Plaintiff requested an additional three weeks to file his objection so that he may consult and/or retain an attorney. (ECF No. 103.) Plaintiff has already been given ample time to object to the R&R and has failed to do so. Additionally, Plaintiff has had years to obtain an attorney. Accordingly, his second request for an extension is denied.

In reviewing a magistrate judge's R&R, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see Brown v. Ebert, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of an R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have reviewed the R&R for clear error and find no error in Judge Locke's recommendation. Additionally, even under de novo review, I would agree with Judge Locke's reasoning and recommendation. Accordingly, I adopt the R&R as the opinion of this Court. As such, the amended complaint is dismissed with prejudice as against the Estate. The Clerk of the Court is respectfully directed to terminate the Estate from this action and mail a copy of this Order to the pro se Plaintiff.

**SO ORDERED.**
Dated: July 26, 2019
Central Islip, New York

                    /s/ (JMA)
                    JOAN M. AZRACK
                    UNITED STATES DISTRICT JUDGE